UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shirley Verrette McIver, | ) | C/A No. 4:17-cv-01000-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (Partial Summary Dismissal) |
| | ) | |
| V.A. United States; | ) | |
| Elizabeth Sengstaken, M.D., V.A.M.C.; | ) | |
| Jennifer Acselrod, R.N./B.S.N.; | ) | |
| Steven W. Arle, M.D.; | ) | |
| Daniel Gordon, M.D.; | ) | |
| Dr. Poomina Sharma, and | ) | |
| Dr. Paul Lowe, M.D., F.A.P.A., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.    Factual Background

Plaintiff sues the United States for medical malpractice arising from cancer treatment that she received at veterans medical facilities. ECF No. 1 at 8. In addition to naming the United States as a Defendant,[1] Plaintiff also names several physicians and other medical personnel who were involved in her care and treatment. *Id*. at 3–5. Plaintiff acknowledges that this case is

---

[1] The first-named Defendant is "V.A. United States." The court construes "V.A." as being an acronym for "Veterans Administration." As discussed within, it is recommended the United States be served but the V.A. itself not be served. As they are currently listed as one Defendant, in a separate order the Clerk of Court is being instructed to change the first-named Defendant to "United States."

properly before this court under the Federal Torts Claim Act ("FTCA"), and she seeks damages in the amount of $35,000,000.00. *Id.* at 5, 7.[2]

II.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.

---

[2] Liberally construed, there are also plausible state-law based medical malpractice claims against the North Carolina residents Arle and Gordon.

2

1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to partial summary dismissal.

III.    Discussion

Under the well-established legal doctrine of sovereign immunity, the United States, its departments, and agencies cannot be sued without its express consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants because, assuming those officers/employees are sued in their official capacity, they are, essentially, performing the responsibilities of the United States itself and thus are entitled to immunity as well. *See Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf. Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). One of the few areas in which the United States government has waived its sovereign immunity is in the area of personal injuries allegedly caused by government officials or employees. Under specific and limited circumstances, the FTCA permits an injured party to sue the United States for damages alleged caused by an agency such as the Veterans Administration ("VA") or one of its medical centers; or by federal employees such as Defendants Sengstaken, Acselrod, Sharma, or Lowe.

Suit under the FTCA lies only against the United States. Neither the VA, which is encompassed in the broad definition of a federal agency under the FTCA, *see* 28 U.S.C. § 2671, nor the individual Defendants Sengstaken, Acselrod, Sharma, or Lowe—who are federal employees and/or officials—may be sued directly on claims brought under 28 U.S.C. § 1346(b). *See, e.g., Good v. Ohio Edison Co.*, 149 F.3d 413, 418 (6th Cir. 1998); *Kennedy v. U.S. Postal*

*Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); *Mars v. Hanberry*, 752 F.2d 254, 255 (6th Cir. 1985); *Davis v. United States*, No. 5:08-CT-3130-FL, 2010 WL 1992002, at *1 (E.D.N.C. May 18, 2010). As a result, Plaintiff's Complaint should be summarily dismissed insofar as it names the VA and individual federal-employee-or-agent Defendants.

IV.     Recommendation

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case *with prejudice*[3] as to all Defendants except Defendants Arle, Gordon, and United States. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25. The Complaint is being served on Defendants Arle, Gordon, and United States only.

IT IS SO RECOMMENDED.

*[signature: Kaymani D. West]*

June 9, 2017                                                                       Kaymani D. West
Florence, South Carolina                                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[3] Because suit under the FTCA lies only against the United States, this court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Sheridan v. Rendell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006). Accordingly, because no amendment could cure this lack of jurisdiction, the undersigned recommends dismissal with prejudice as to Defendants VA, Sengstaken, Acselrod, Sharma, and Lowe.

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).