UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shirley Verrette McIver, | Civil Action No.: 4:17-cv-01000-RBH-KDW |
| Plaintiff, | |
| v. | **ORDER** |
| V.A. United States; Elizabeth Sengstaken, M.D., V.A.M.C.; Jennifer Acselrod, R.N./B.S.N.; Steven W. Arle, M.D.; Daniel Gordon, M.D.; Dr. Poomina Sharma; and Dr. Paul Lowe, M.D., F.A.P.A.; | |
| Defendants. | |

This matter is before the Court for consideration of Plaintiff's objection to the Amended Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1] *See* ECF Nos. 26 & 29. The Magistrate Judge recommends partial summary dismissal of Plaintiff's complaint.

**<u>Standard of Review</u>**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff brings this case pursuant to the Federal Tort Claims Act ("FTCA")[3] seeking monetary damages for alleged medical malpractice relating to her cancer treatment at Veterans Affairs ("V.A.") facilities. *See* ECF No. 1. The Magistrate Judge recommends that the Court summarily dismiss all defendants except Arle, Gordon, and the United States. R & R at pp. 3–4. Specifically, the Magistrate Judge recommends dismissing the V.A. (a federal agency) and the individual defendants Sengstaken, Acselrod, Sharma, and Lowe (federal employees and/or officials) because suit under the FTCA lies only against the United States. *Id.* at p. 3.

Plaintiff lodges a cursory objection[4] to the dismissal of Sengstaken, Acselrod, Sharma, and Lowe, asserting they can be sued under the FTCA. *See* ECF No. 29. However, as the Magistrate Judge

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] 28 U.S.C. §§ 1346(b), 2671–2680. *See generally Simmons v. Himmelreich*, 136 S. Ct. 1843, 1845 (2016) ("The Federal Tort Claims Act (FTCA) allows plaintiffs to seek damages from the United States for certain torts committed by federal employees.").

[4] Plaintiff states, "I, Shirley Verrette McIver motion for claims brought under 28 U.S.C. § 1346(b) for defendants Sengstaken, Acselrod, Sharma, and Lowe; from page 3 of Report of Recommendation and Document Number 26." *See* ECF No. 29.

2

correctly explained, these defendants cannot be sued under the FTCA because "[t]he FTCA does not . . . create a cause of action against individual defendants acting within the scope of government employment. The cause of action created by the FTCA must be exclusively brought against the United States government." *Starling v. United States*, 664 F. Supp. 2d 558, 570 (D.S.C. 2009) (citing 28 U.S.C. § 2679(b)(1)). The United States is the only proper defendant under the FTCA.[5] *See* 28 U.S.C. 1346(b)(1); *see, e.g.*, *Joyner v. Kim*, No. CV 3:17-2089-MBS-SVH, 2017 WL 3912977, at *2 (D.S.C. Aug. 15, 2017), *adopted by*, 2017 WL 3896361 (D.S.C. Sept. 6, 2017) ("Plaintiff's complaint is also subject to summary dismissal because the United States is the only proper defendant in a FTCA claim, *see* 28 U.S.C. [§] 1346(b)(1). Plaintiff's complaint asserts claims against a United States agency and its employees who may not be sued under the FTCA."). Accordingly, the Court will overrule Plaintiff's objection and adopt the R & R.

## Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objection, adopts and incorporates by reference the R & R [ECF No. 26], and summarily **DISMISSES** Defendants V.A., Sengstaken, Acselrod, Sharma, and Lowe *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**

Florence, South Carolina  
September 29, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[5] The Magistrate Judge has authorized service on the United States, as well as Arle and Gordon (who are not alleged to be federal employees of the V.A.). *See* ECF No. 19.

3