IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shirley Verrette McIver, | ) C/A No. 4:17-01000-RBH-KDW |
| Plaintiff, | ) |
| v. | ) Report and Recommendation |
| Steven W Arle, M.D.; Daniel Gordon, M.D.; and United States, | ) |
| Defendants. | ) |

Plaintiff, proceeding pro se, filed this medical-malpractice action pursuant to the Federal Tort Claims Act ("FTCA").[1] This matter is before the court on Defendant Daniel Gordon's Motion to Dismiss pursuant to Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 37. On July 19, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedure and the possible consequences if she failed to adequately respond to the Motion to Dismiss, *see* ECF No. 38, and Plaintiff filed a Response to the Motion on July 28, 2017, ECF No. 40. Additionally, Defendant United States filed a Motion to Dismiss pursuant to Rule 12(b)(6), or in the alternative a Motion for Summary Judgment. ECF No. 44. After filing another order pursuant to *Roseboro v. Garrison*, 528 F.2d 309, *see* ECF No. 47, Plaintiff filed a Response to Defendant United States' Motion on September 26, 2017, ECF No. 49. No Defendant filed a Reply. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(e), D.S.C. Because these Motions to Dismiss are dispositive, a Report and Recommendation ("R&R") is entered for the court's review.

---

[1] To the extent the FTCA is inapplicable to the individually-named Defendants, Plaintiff could possibly proceed against them under North Carolina common law.

I. Background

Plaintiff, a resident of Bennettsville, South Carolina, filed this matter on April 18, 2017, alleging a malpractice claim against Defendants arising from cancer treatment that she received at veterans' medical facilities. ECF No. 1. After initial review of her Complaint, the undersigned authorized service upon Defendants Arle, Gordon, and the United States. ECF No. 19. Though Plaintiff initially named other parties as Defendants, the undersigned recommended that Defendants VA (Veterans Administration) and individuals Sengstaken, Acselrod, Sharma, and Lowe be dismissed without prejudice because Plaintiff acknowledges this action is properly before this court under the FTCA, and the only proper party in an FTCA action is the United States. ECF Nos. 23, 26. The district judge adopted the undersigned's recommendation that these parties be dismissed. ECF No. 50.

In her Complaint, Plaintiff maintains that early detection of cancer and follow-up "would have save[d] less medical treatment and life complications." ECF No. 1 at 7. Plaintiff represents that medical personnel, including Defendants Arle and Gordon, decided what course of treatment she should pursue after her first abnormal mammogram screening occurred in 2004 at Carolina Image in Fayetteville, North Carolina. *Id.* Further, Plaintiff alleges that other doctors prescribed her tamoxifen, and "in 2009, [she] received a letter that these medications together in some women show a recurr[e]nce of cancer." *Id.*

Plaintiff alleges that early detection and treatment of cancer would have saved a breast mastectomy; "lymphnode dissection secondary malig metastatic of neck, lungs, low back, upper back, bones and all body life fun[c]tions." *Id.* at 8. Plaintiff reports she is experiencing mental disorders; must have ongoing cancer treatment; and that the cancer has "le[d] to terminal cancer." *Id.* Plaintiff maintains she has endured pain and suffering and lost family time. Further,

she represents that "the hardship i[m]pacted the family, where [she] lost [her] mother in 2009 from the life sentence given to Plaintiff and los[s] of time with [her] love[d] ones." *Id.*

II. Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiff must only plead "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In order for Plaintiff's Complaint to survive Defendants' Motions to Dismiss, Plaintiff does not need to plead detailed factual allegations in her Complaint. *See id.* However, the United States Supreme Court has held that a plaintiff's grounds for relief requires more than just stating legal conclusions and elements of a cause of action. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that, on a motion to dismiss, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."). Plaintiff's complaint must contain sufficient factual allegations that make a claim for relief plausible, not just possible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.*, 550 U.S. at 570. This court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011).

III. Analysis

Two Motions to Dismiss are before the court. First, Defendant Gordon argues this court lacks personal jurisdiction over him and that "the only information in Plaintiff's Complaint . . . supports a finding that North Carolina is the proper forum for this lawsuit as against Dr. Gordon." ECF No. 37 at 3. Additionally, Defendant Gordon maintains that "Plaintiff's Summons is to a North Carolina address, and her allegation [] Section III [of her Complaint] indicates that

3

any alleged tortious act on the part of [Defendant] Gordon occurred in North Carolina." *Id.* Additionally, Defendant Gordon argues that Plaintiff's Complaint fails to meet minimum pleading requirements and is untimely. *Id.* at 5-8. Finally, Defendant Gordon argues that in her Complaint Plaintiff is alleging medical malpractice and South Carolina state law requires Plaintiff to file a Notice of Intent to File Suit and an affidavit of an expert witness. *Id.* at 8. Defendant United States argues that the Complaint should be dismissed because Plaintiff failed to comply with South Carolina pre-suit requirements of including an expert affidavit to support her claims of medical malpractice (Defendant Gordon's final argument). ECF No. 44-1 at 5.

A. Venue and Personal Jurisdiction

The undersigned finds that the allegations in Plaintiff's Complaint fail to reveal any basis for this Court to obtain personal jurisdiction over any individual Defendant. Plaintiff is suing North Carolina residents and a VA medical facility located in North Carolina pursuant to the FTCA. Accordingly, it is the recommendation of the undersigned that this case be transferred in the interests of justice to the United States District Court for Eastern District of North Carolina for further handling. *See* 28 U.S.C. § 1406(a); *see also Goldlawr v. Heiman*, 369 U.S. 463 (1962); *Porter v. Groat*, 840 F.2d 255 (4th Cir. 1988); *Glaxo Inc. v. Genpharm Pharmaceuticals*, Inc., 796 F. Supp. 872, 877 (E.D. N.C. 1992).

A bedrock requirement in any civil action is that the district court in which a Complaint is brought shall have personal jurisdiction over the persons of the defendants. Rule 4(e) Federal Rules of Civil Procedure ("Service Upon Individuals Within a Judicial District of the United States") by its own title suggests that persons outside a given judicial district cannot be brought into that district court. The Rule, however, allows application of so-called state "long arm" statutes:

> Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by:
>
> (1) *following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made*; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added).

Under the applicable South Carolina long arm statute, section 36-2-803 of the South Carolina Code ("Personal jurisdiction based upon conduct"),[2] nonresidents may be served and

---

[2] *See* S.C. Code Ann. § 36-2-803:

(A): A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's

> (1) transacting any business in this State;
> (2) contracting to supply services or things in the State;
> (3) commission of a tortious act in whole or in part in this State;
> (4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State;
> (5) having an interest in, using, or possessing real property in this State;
> (6) contracting to insure any person, property, or risk located within this State at the time of contracting;
> (7) entry into a contract to be performed in whole or in part by either party in this State; or

subjected to state court jurisdiction only where certain limited types of facts are presented in a case. None of those types of facts are presented in this case. Under the facts alleged in Plaintiff's Complaint, all individual Defendants in this matter are North Carolina residents, and the only named entity is a federal governmental entity located in North Carolina. Further, all of the actions giving rise to Plaintiff's claims appear to have taken place in North Carolina. In short, it is clear that North Carolina is the proper forum in which to adjudicate the claims raised in this Complaint. As a result, the interests of justice require this Court to transfer this case to the United States District Court that can obtain personal jurisdiction over Defendants and thereby avoid any procedural complications that may be wrought by dismissal of the case for lack of jurisdiction. *See Robbins v. Yutopian Enters.*, 202 F. Supp. 2d 426, 430-31 (D. Md. 2002); *see also Robertson v. Northcutt*, 850 F.2d 690, *2 (4th Cir. 1988) (unpublished opinion, text in Westlaw) ("[T]he usual procedure for a district court faced with a potential limitations problem should be to transfer the case rather than dismiss."). Furthermore, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See Glaxo Inc.*, 796 F. Supp. at 877 ("Rather than dismiss this case for lack of personal jurisdiction, however, the court finds that it is in the interest of justice to transfer the case to the District of Maryland, as that court will have proper jurisdiction and venue."); *see also Goldlawr*, 369 U.S. at 466-67; *Dubin v. United States*, 380 F.2d 813, 815-16 (5th Cir. 1967).

---

(8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

(B) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

B. Expert Affidavit as Filing Requirement

Both Defendant Gordon and Defendant United States argue that Plaintiff was required to attach an expert affidavit to her Complaint. *See* ECF Nos. 37 at 8, 44 at 5-7. Specifically, Defendant United States maintains that section 15-36-100(B) of the South Carolina Code requires a plaintiff to "file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit." *Id.* at 6. Further, Defendant United States contends that district courts strictly enforce this "contemporaneous filing requirement," and "[t]here are no reported cases allowing a waiver of this requirement." *Id.*

The undersigned finds that South Carolina statutory mandates are inapplicable to this action. However, Plaintiff is advised that her lawsuit may be dismissed upon transfer of venue should she fail to comply with certain pre-filing mandates. "While state law governs the disposition of an FTCA case, federal law defines the procedure." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). "A plaintiff has a cause of action against the government under the FTCA if [s]he also would have a cause of action under state law against a private person under like circumstances." *Id.* at 815 (referencing 28 U.S.C. § 1346(b); *Corrigan v. United States*, 815 F.2d 954, 955 (4th Cir. 1987)).

Had South Carolina been the proper venue for this action, the undersigned agrees that Plaintiff would be required to comply with certain South Carolina statutory mandates. Section 15-36-100(B) of the South Carolina Code provides:

> Except as provided in Section 15-79-125, in an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina and listed in subsection (G) or against any licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of South Carolina and listed in subsection (G),

7

the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

Additionally, section 15-79-125(A) of the South Carolina provides:

Prior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, the plaintiff shall contemporaneously file a Notice of Intent to File Suit and an affidavit of an expert witness, subject to the affidavit requirements established in Section 15-36-100, in a county in which venue would be proper for filing or initiating the civil action. The notice must name all adverse parties as defendants, must contain a short and plain statement of the facts showing that the party filing the notice is entitled to relief, must be signed by the plaintiff or by his attorney, and must include any standard interrogatories or similar disclosures required by the South Carolina Rules of Civil Procedure. Filing the Notice of Intent to File Suit tolls all applicable statutes of limitations. The Notice of Intent to File Suit must be served upon all named defendants in accordance with the service rules for a summons and complaint outlined in the South Carolina Rules of Civil Procedure.

Sections 15-79-110(6) and 15-79-110(3) make clear that the requirement exists for claims against individual medical providers and "health care institutions" or "licensed health care provider(s)."[3] Several South Carolina district courts have recognized and enforced this statutory requirement in cases where plaintiffs bring causes of action for breach of professional duties. *See e.g., Peterson v. Stephens*, No. CA 0:12-1366-GRA-PJG, 2013 WL 1386673, at *5 (D.S.C. Mar. 7, 2013), *report and recommendation adopted*, No. 0:12-CV-01366-GRA, 2013 WL 1386676 (D.S.C. Apr. 4, 2013) (referencing S.C. Code Ann. § 15-36-100(B)) ("South Carolina law requires a plaintiff to file an affidavit of an expert witness with his complaint when asserting a claim of professional negligence against a professional licensed or registered with the State of South Carolina."); *Alexander v. Rite Aid Corp.*, No. 4:11-CV-01406-RBH, 2012 WL 80458, at

---

[3] *But see Oakman v. Lincare Inc.*, No. 1:13-CV-00428-JMC, 2013 WL 3549848, at *7 (D.S.C. July 10, 2013) (holding no affidavit of an expert is necessary under section 15–36–100 regarding defective design by a professional engineer).

*2 (D.S.C. Jan. 11, 2012) (acknowledging the filing requirements of section 15-36-100 that include an affidavit of an expert witness); *Weil v. Killough*, No. 2:12-CV-00856-DCN, 2012 WL 3260395, at *5 (D.S.C. Aug. 8, 2012) (granting motion to dismiss in legal malpractice action because plaintiff failed to attach an expert affidavit to his complaint as required by section 15-36-100 and further finding exception to affidavit requirement in 15-36-100(C)(2) did not apply).

Venue is improper in the District of South Carolina. Moreover, Plaintiff is not suing a "health care facility" that is licensed "by the State of South Carolina." Therefore, this section is wholly inapplicable to the case at hand. However, the undersigned is aware that North Carolina has a similar pre-filing requirement with which Plaintiff must comply. *See* Rule 9 (j)(1), N.C. Gen. Stat. Ann. 1A-1, Rule 9 ("The pleading [in a medical malpractice action] specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care. . . ."); *Frazier v. Angel Med. Ctr.*, 308 F. Supp. 2d 671, 676 (W.D.N.C. 2004) ("In North Carolina, a plaintiff's malpractice complaint must assert that 'the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness' as required by the North Carolina Rules of Civil Procedure for medical malpractice actions."). In noting this pre-filing requirement, the undersigned makes no ruling on the merits of this case as such ruling is more appropriately within the authority of the United States District Court for the Eastern District of North Carolina to make. *See generally* 15 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3827 at 268-74 (1986).

IV. Conclusion and Recommendation

Based on the foregoing, it is recommended that the District Court transfer this case to the United States District Court for the Eastern District of North Carolina. Based on this recommendation, Defendant Gordon and Defendant United States' Motions to Dismiss, ECF Nos. 37 and 44, are denied as moot.[4]

IT IS SO RECOMMENDED.

November 30, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] The undersigned notes that the Summons and Complaint was never properly served upon Defendant Steven W. Arle. ECF No. 35. The Process Receipt and Return was sent to Carolina Imaging located at 3628 Cape Center Drive in Fayetteville, North Carolina. *See id.* However, in the "remarks" to the Return, the office manager of Carolina Imaging indicates that she does not know Steven W. Arle and has been working at Carolina Imaging for 12 years. *Id.* The undersigned calls this remark to the attention of the North Carolina District Court as it may desire to issue a better-address order after review of this matter.